No. 1307. **Christian** *v.* **Lebeschultz.** April Term, 1882. A *cestui que trust* brought action against her nominated trustee (who declined to serve) and her infant children, who were also beneficiaries under the trust deed, for the purpose of having a trustee appointed, and for a sale of the trust property and a re-investment of the proceeds. Under this proceeding, a new trustee was appointed and directed to sell the land held in trust, which he did. The papers were all entitled the "Court of Common Pleas," and were regular in all respects, except that the case nowhere appeared upon the dockets of the court, the records were not filed in the clerk's office until after this action was brought, and the Circuit decree bore date at a time when the court for that county was not in session. The mother died, and this action was instituted by her children against the purchaser for possession of the land and rents and profits. The complaint was dismissed by Judge Aldrich, and plaintiffs appealed. *Held*—

1. That the objection to the introduction of the decree in the former action upon the ground that it did not appear upon its face that the court had jurisdiction, was not well taken.

2. If such decree had been passed at chambers it would have been invalid, but in the absence of all testimony (except as above stated) it must be assumed that the cause was heard in open court. The failure to file the decree did not affect its validity.

3. Unless it is manifest that some surprise has been taken or injustice worked, the admission by the Circuit judge of further testimony after the parties had announced that they had closed their evidence and the argument had commenced, is within his discretion and will not be disturbed. OPINION by MR. CHIEF JUSTICE SIMPSON, November 29th, 1882. *Glover & Abney*, for appellant. *J. C. Sheppard*, contra.